**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **IN THE MATTER OF THE APPLICATION** | ) | |
| **OF THE UNITED STATES OF AMERICA** | ) | |
| **FOR AN ORDER AUTHORIZING THE** | ) | **No. 5:23-MJ-5044** |
| **INSTALLATION AND USE OF** | ) | |
| **SURVEILLANCE CAMERAS** | ) | |

* * * * *

## APPLICATION

1. The United States of America, by counsel, Assistant United States Attorney
Roger West, moves the Court, pursuant to 28 U.S.C. § 1651(a), to grant an order which:
(1) authorizes the installation of and use for ninety days of surveillance cameras on the
utility poles as identified below; (2) orders that LG&E/Kentucky Utilities, and their
agents and employees, make no disclosure of the existence of the application and order
for the installation of the surveillance cameras unless authorized to do so by this Court;
and (3) seals this Application and the Court's orders pending further order of the Court.

2. The United States seeks an order authorizing the installation and use of a
surveillance camera on a utility pole maintained by LG&E/Kentucky Utilities, located
near **427 Shawnee Avenue, Lexington, Fayette County, Kentucky.**  The location was
confirmed by Federal Bureau of Investigation (FBI) Task Force Officer (TFO) Matt
Evans. Poles are located near the public sidewalks near **427 Shawnee Avenue,**
**Lexington, Fayette County, Kentucky** near a business location (La Cabana restaurant).
Attachment A to this Application contains an image of the property and surrounding area

obtained by FBI TFO Matt Evans.  FBI TFO Matt Evans has personally viewed the pole and surrounding area. The image provided is a fair and accurate representation of **427 Shawnee Avenue, Lexington, Fayette County,  Kentucky**, and the surrounding area.

3. In support of this Application, the United States submits that this Application is based on information collected during investigation by law enforcement personnel. Special Agents and Task Force Officers from the FBI are investigating Hugo Gonzalez and others, for suspected trafficking in controlled substances. Based on this investigation, law enforcement has determined that Gonzalez is likely using these locations in part to facilitate the trafficking of controlled substances.

4. The information set forth below was provided by FBI TFO Matt Evans and other law enforcement officers. It is not meant to be a complete recitation of the facts spanning the entire investigation  The information is to be used only to establish that the authorization of the pole cameras is necessary and material to the on-going investigation.

5.    Your affiant also received information from a qualified confidential informant (QCI) whose identity is known to your affiant, that Gonzalez has a stash house in the Radcliff neighborhood in Lexington Fayette County.  QC1 advised that he/she had picked up several pounds of marijuana from Gonzalez at 405 Lin Wal Road, Lexington, Fayette County, Kentucky.  Your affiant, during recent surveillance, observed Gonzalez coming and going from 405 Lin Wal Road on numerous occasions.  405 Lin Wal Road is in the Radcliff neighborhood and your affiant asked QCI to drive past this address and confirm that this was Gonzalez's stash house.  QCI advised that Gonzalez has a female Hispanic

who lives in this residence to take care of his drug stash.  Based on the current
investigation your affiant believes that this stash house is still being used by Gonzalez.

6.      QCI advised that this female was an alcoholic and did not work.  Your
affiant has conducted surveillance at 405 Lin Wal Road on numerous recent occasions
within the past few days and weeks and has followed this unknown female travel to
liquor stores on numerous occasions.  QCI also advised that this female had at least one
adult son who is involved in their drug trafficking activities.  Your affiant has observed
an unknown male exit 405 Lin Wal Road and approach occupied vehicles which were
waiting in the street outside the location.  This male subject comes out and makes very
brief contact with the subjects in the vehicles then returns to the residence.

7.      On 01/30/2023,  your affiant observed a blue Dodge pull in front of the
residence and pull to the curb.  The unknown male exited the residence and got into the
back seat of the running vehicle.  The unknown male was inside for a couple of minutes
before exiting the vehicle then going back into the residence.  The vehicle did a u turn on
Lin Wal Road and left the area heading inbound on North Broadway.  In your affiant's
law enforcement opinion, this quick meeting as well as the meetings mentioned in the
above paragraph are indicative of drug transactions especially when taking place outside
of a residence which is being used to store illegal narcotics.

8.      Within the last 72 hours, your affiant was contacted by a qualified
confidential informant (QCI-2) who advised that he/she could purchase cocaine from
Hugo Gonzalez.  Law enforcement agents conducted surveillance on Gonzalez's
residence located at **427 Shawnee Avenue, Lexington, Fayette County, Kentucky**.

Your affiant and assisting investigators provided QCI-2 with a quantity of police buy money. QCI-2 arrived at Gonzalez's restaurant (La Cabana) at 1414 Bryan Avenue Lexington, Fayette County, Kentucky and called Gonzalez. Gonzalez exited his residence at **427 Shawnee Avenue, Lexington, Fayette County, Kentucky** and drove down the street to the La Cabana restaurant and parked in the parking lot. Gonzalez and QCI-2 exited their vehicles and went into the La Cabana restaurant. Gonzalez sold QCI-2 a quantity of cocaine in exchange for the police buy money which was previously provided to QCI-2. Gonzalez told QCI-2 that he had kilogram quantities of cocaine, meth, and fentanyl for sale. After the transaction Gonzalez returned to his residence.

9. It is clear from this ongoing investigation, including surveillance, that your affiant has established that Gonzalez uses the restaurant and his residence to facilitate his drug trafficking activities.

10. Based on your affiants' experience, training, and knowledge, it is very difficult to conduct surveillance on subjects engaged in high level drug distribution because of their efforts to evade law enforcement. This also makes those subjects surveillance savvy. It is clear to your affiant that high level drug distribution is taking place for which Gonzalez and his associates are surveillance savvy. This makes it extremely difficult for surveillance agents to follow without being observed. The two locations are on a relatively narrow section in a residential community further compounding law enforcement efforts to conduct actual surveillance. It has been difficult and counterproductive to try to follow surveillance conscious significant drug traffickers. There is no reasonable expectation of privacy in the area surrounding **427**

**Shawnee Avenue, Lexington, Fayette County, Kentucky** and no reasonable expectation of privacy in the area surrounding **1414 Bryan Avenue Lexington, Fayette County, Kentucky.**

Your affiant has established probable cause to believe that Hugo Gonzalez is using his residence at **427 Shawnee Avenue, Lexington, Fayette County, Kentucky and** the business establishment at 1414 Bryan Avenue Lexington, Fayette County, Kentucky, to facilitate his illegal drug trafficking operations. He is using his vehicles to transport cocaine and currency which are proceeds from his illegal trafficking operation. These pole cameras will only record that which is observable to the public in the area. The video surveillance footage may also be used to develop potential co-conspirators and may also be used to support affidavits for search warrants at that location and other locations for drugs, drug paraphernalia, drug records, or proceeds of the drug activities.

**WHEREFORE**, it is respectfully requested that this Court grant an order, which:

(A) authorizes the installation and use for ninety (90) days of surveillance cameras and other equipment necessary for its operation on a utility pole maintained by LG&E/Kentucky Utilities, located near **427 Shawnee Avenue, Lexington, Fayette County, Kentucky.** The surveillance cameras shall not record audio;

(B) orders that LG&E/Kentucky Utilities and its agents and employees make no disclosure of the existence of the application and order for the installation of this surveillance camera and accompanying equipment unless and until authorized to do so by this Court; and

(C) seals this Application and the Court's orders pending further orders of the

Court.

I declare under penalty of perjury that the foregoing is true and correct, to the best

of my knowledge and belief.

This the 2nd day of February, 2023.

Respectfully submitted,

_/s/ Matt Evans_
Matt Evans
FBI Task Force Officer

_/s/ Roger W. West_
Roger W. West
Assistant United States Attorney

Subscribed and sworn to me, this the 2nd day of February, 2023.

HON. MATTHEW A. STINNETT
U.S. MAGISTRATE JUDGE